## ANDERSON et v WOLF et

Ohio Appeals, 2nd Dist, Greene Co.

No. 456. Decided May 3, 1940.

Barger & Orendorf, Dayton, for plaintiffs-appellants.

Judge George H. Smith, Xenia, for defendant, Frank A. Wolf, appellee.

Harry D. Smith, Xenia, and Marcus McCallister, Xenia, for defendant, The Fidelity & Deposit Co. of Md., and other defendants.

## OPINION

By HORNBECK, PJ.

The above entitled cause is now being determined as an error proceeding by reason of plaintiffs' appeal on questions of law from the judgment of the Court of Common Pleas of Greene County, Ohio.

This is the third time that this case has been in this court for review.

On our first review the opinion was such that a final judgment might have

been entered for the plaintiffs, but counsel in preparing their entry did not so construe the opinion, or possibly the petition in error did not so demand.

Our second review was made on order of the court, directing a verdict against the plaintiffs at the close of their case. We reversed and remanded for new trial.

The present record discloses that the trial was before a visiting judge, especially assigned, and we glean from his written opinion overruling plaintiffs' motion for judgment notwithstanding the verdict, that factual questions are essentially different from the record in the first case.

The following short statement of facts will render understandable the nature of the controversy:

On May 10, 1927, the Board of Education of the Xenia Township School District employed Joseph Kinzer as a teacher in one of the schools within the district for the school year 1927 and 1928. On June 10, 1927, the salary of Joseph Kinzer was fixed by the Board of Education at $115.00 per month, and $5.00 per month for janitor services. Mr. Kinzer had taught this same school, for one or two years previous, and on each occasion he held a one year certificate.

On April 2, 1927, the said Joseph Kinzer took the examination before the proper school examiners for teacher's certificate. On September 3, 1927, he started in to teach the school in his assigned district, although no teacher's certificate had been issued to him, nor during the following three months that he taught was any such certificate issued. During the three months that he taught no warrant for salary was issued, for the reason that such certificate had not been issued and the further fact that the Superintendent of Schools had not certified that the certificate was on file with him, as required under §7786 GC.

Mr. Kinzer was requested to resign since no salary could be paid to him by reason of no certificate having been issued.

Some time in October, 1927, Mr. Kinzer and a number of patrons of the school, including two members of the school board, appeared before Mr. H. C. Aultman, County Superintendent of Schools, and ex-officio a member and secretary of the Board of Examiners, and demanded that Mr. Kinzer be given his teacher's certificate. This was refused.

On December 3, 1927, no certificate having been issued, Mr. Kinzer resigned as a teacher in the district and removed to Indiana. In September, 1929, he died while still a resident of Indiana.

On Nov. 1, 1929, Loberta Kinzer, widow of Joseph Kinzer, filed action against the Board of Education as constituted at the time of Mr. Kinzer's employment, alleging that through some error the said Joseph Kinzer was never officially employed, but that the members individually and personally agreed in a verbal contract with the said Joseph Kinzer that they would compensate him out of their own resources in the event that he was not able to receive compensation from the Xenia Township Board of Education. This suit was dismissed.

Mrs. Kinzer's activity in her effort to obtain the three months' salary of her husband continued and some time in the latter part of the year 1930 or the early part of 1931, a delayed certificate was placed in the hands of the Xenia Township Board of Education, which was in the usual form of teacher's certificate, and signed by the three members of the Board of School Examiners. It was dated April 2, 1927, and was for one year from September 1, 1927.

On February 12, 1931, three members of the Board, being a majority, voted to allow the claim of Mrs. Kinzer and authorized the clerk of the Board to issue a warrant in the sum of $390.00. The two minority members of the Board strenuously objected to the amount of the payment, and immediately following the majority action, resigned.

Following this, on June 1, 1931, the following certificate was mailed to Mr. Bryson, clerk.

"June 1, 1931.

Mr. R. E. Bryson, Clerk Xenia Township Board of Education, Xenia, Ohio.

Dear Sir:

This is to certify that the Greene County Board of School Examiners issued a delayed elementary certificate to Joseph Kinzer, valid for one year from September 1, 1927 to September 1, 1928, and that this same certificate is now on file in this office.

Yours truly,

H. C. Aultman,
County Superintendent and Clerk, Board of School Examiners."

Thereafter a tax payer's suit was duly filed to recover from the three members of the Board and the clerk the amount claimed to have been illegally allowed and paid, after first having made request on Mr. McCallister, then Prosecuting Attorney, to bring action and he having declined or refused.

The trial before a court and jury resulted in a verdict and judgment for the defendants of no cause of action. Following the verdict and judgment for defendants, counsel for plaintiffs interposed a motion for judgment non obstante veredicto, which was overruled. Motion for new trial was also filed and overruled, following which plaintiffs duly filed notice of appeal on questions of law.

It is the contention of counsel for the defendants that additional facts are presented in the present case which were not in the record on our first review, and thereby our determination is not controlling in the present case. This additional testimony comes principally from Mr. H. C. Aultman, County Superintendent and ex-officio secretary of the Board of Examiners, and also the testimony of Examiner Harley Hollingsworth. The examiner, Mr. Hollingsworth, also testified that he personally knew that Mr. Kinzer took the oath before the Clerk of Courts before the examination was completed on April 2, 1927.

Both Mr. Aultman and Mr. Hollingsworth testified that the certificate, being a delayed teacher's certificate, so marked, and dated April 2, 1927, was actually signed by all three members of the Board of Examiners within two to four weeks following its date.

The trial court indicated that this additional testimony might properly be looked upon with suspicion, but stated that its credibility was for the jury and in his judgment it distinguished the present case from the record in the first hearing. Superintendent, Mr. Aultman, testified that he in his own handwriting made the notation on the certificate of the word "delayed", and further testified that such notation was made for the purpose of having the certificate retained and not handed out. This witness for the first time gave testimony that Joseph Kinzer on the 2nd day of April, 1927, subscribed to the oath required under §7982-1 GC. This oath is a prerequisite to the granting of a teacher's certificate. We made reference to this omission in our first opinion. This document was claimed to be lost and consequently was not presented in evidence, although the witness stated that such was in his files, but none for the year 1927 could be found, but so far as he knew the oaths for all previous and subsequent years were in his files. The oath in proper form for the year 1926 was presented, introduced and is attached to the bill of exceptions as an exhibit.

This appeal is directed to the judgment on behalf of defendants-appellees entered on the verdict of the jury. There is but one substantial question, namely, was there an issue of fact presented to the jury for its determination. If so, then every reasonable interpretation must be indulged in favor of the verdict and judgment. If upon the facts there can be but one conclusion drawn, namely, that the plaintiffs are entitled to judgment then this court should enter that judgment.

We have this case for the third time and realize that it presents a very nice question of law and if the letter only of the statutes controlling is to be followed then the plaintiffs are entitled to judgment. This is true because it cannot be said under the evidence that at the time that Mr. Kinzer began to teach in the Fall of 1927, or at any

time during his incumbency as such teacher, had the elementary certificate provided for in §7830 GC been actually delivered to him. However, under the peculiar facts in this case we do not believe the letter of the law should be strictly interpreted to kill its spirit which is to assure that a teacher shall be fully qualified before he is permitted to teach. The certificate is the authenticated evidence of that fact. Upon the testimony of Superintendent Aultman, which the jury had a right to believe, at the time when Mr. Kinzer began to teach he had taken the requisite oath. The elementary certificate required under §7830 GC had been prepared in his name, signed by the Board reciting that all of the requisites of the section had been met by Mr. Kinzer. It was, however, held by the Board but according to Mr. Aultman it was not retained because of any act involving the good moral character of Mr. Kinzer.

It must be said in fairness, that from some of the statements made by Mr. Aultman, he may have been in error when he said that the reason for withholding the certificate did not have any reference to the moral character of Mr. Kinzer. But the incompleteness of Mr. Aultman's testimony in this regard was not cleared up as it could have been and the exact reason for the withholding of the certificate was not developed. In this situation the jury had the right to conclude that it was not held up for any reason affecting the good moral character of Mr. Kinzer.

The fact was, then, that although the certificate was in the possession of Mr. Aultman, Superintendent of the Board, Mr. Kinzer had met every legal requirement essential to its issuance and to its being obtained by him. Had he then instituted an action in mandamus against the Board it would have had no defense and it would have been its clear ministerial duty to have issued the certificate to Mr. Kinzer. Eventually and before the amount due Mr. Kinzer was paid this certificate was actually delivered and over the signature of H. C. Aultman, as County Superintendent and Clerk of the Board of School Examiners, the Clerk of

Xenia Township Board of Education was notified that the delayed elementary certificate had been issued and that it was valid from September 1, 1927 to September 1, 1928 and was on file in the office of the County Superintendent.

We do not believe that the action of the Board in issuing the delayed certificate on behalf of Mr. Kinzer was an antedating of the certificate as is contemplated by the statute. The certificate as prepared in the original form dated and signed by the Board had not been changed in any particular. If it was effective at all it was effective as of the date of its preparation and the signing thereof which was prior to the time when Mr. Kinzer began to teach. The outstanding fact, then, is that the Board received the services of a qualified teacher and at the time payment therefor was made, all the requisites of the law had been met.

We are of opinion that the jury had the right to find that the defendants did not violate the law in the payment of the salary of Mr. Kinzer under the facts appearing in the record in this case. The judgment will be affirmed.

GEIGER, J., concurs.
BARNES, J., dissents.

BARNES, J. dissents:

I feel so firmly committed to the proposition that the majority opinion affirming the trial court is improper, that I feel constrained to give my reasons for such dissent, rather than merely noting same.

I am in full accord with the statement of the case as presented in the early pages of the majority opinion, and hence I take up further discussion immediately following the paragraph referring to the testimony of Mr. Aultman and Mr. Hollingsworth relating to the time that the certificate was actually signed by the three members of the Board of Examiners.

No witness testifies that a teacher's certificate was delivered to Mr. Kinzer at any time, following his examination on April 2, 1927. This failure to de-

liver was not a mere inadvertence; it was designedly and intentionally withheld. This conclusively appears from the testimony of Mr. Aultman that he marked it "delayed" so it would not be delivered and the further uncontradicted testimony that Mr. Kinzer with patrons of the school, including some members of the Board. appeared before Mr. Aultman demanding the certificate and that it was refused. The present record also shows for the first time Mr. Kinzer's grades on all subjects and, that they were such as were passing. Mr. Aultman testifies that the certificate was withheld for the reason that they desired to interrogate Mr. Kinzer further on some misconduct or violation of ethics relative to Eighth Grade examinations. Mr. Kinzer refused to come in and be interrogated. Mr. Aultman says that he took this step after first consulting the State School Superintendent.

This brings us to the question as to whether or not the signing of the certificate by the Examining Board, not delivered but intentionally withheld, would constitute the issuing of a certificate as required under §7830 GC. This section reads as follows:

"7830. Elementary certificate; branches qualified to teach. No person shall be employed or enter upon the performance of his duties as teacher in any elementary school supported wholly or in part by the state in any school district who has not **obtained** from a certifying authority having legal jurisdiction a certificate of good moral character; that he is qualified to teach orthography, reading, writing, arithmetic, English grammar and composition, geography, history of the United States, physiology, including narcotics, literature and elementary agriculture, and that he possesses an adequate knowledge of the principles of teaching; except as provided in sections * * * ." (Emphasis mine).

It is my conclusion that under the undisputed facts Mr. Kinzer did not obtain a teacher's certificate following his examination on April 2, 1927, and hence he had no right to be employed or enter upon his duties as a teacher in the elementary schools of Xenia Township School District.

The Supreme Court of Ohio in 1871, in the case of **School District etc. v Dilman, 22 Oh St 194,** construes the above section as expressed in the first syllabus:

"1. The provision in section 7 of the school law, passed March 14, 1864, that no person shall be "employed" as a teacher unless he has first obtained the certificate required by law, does not render invalid a contract for employmade with the teacher before he obtains the requisite certificate, provided he obtains it before entering upon the duties of his employment."

I think from the above-quoted syllabus the inference conclusively arises that a teacher must have obtained a certificate before he starts on his teaching employment.

In our first opiinon we stated that if a certificate was improperly withheld from an applicant, he might have an action in mandamus. I still adhere to that principle. Of course, in order to support such a claim in mandamus proceedings, it would be necessary to show that there was some direct violation of law by the Board of Examiners or an abuse of discretion. I have no difficulty in determining that neither the teacher nor the hiring board may take this matter into their own hands and determine whether or not the Examining Board violated the law or abused their discretion. So long as the teacher and the employing board take no appropriate action to compel the issuing of the certificate, the law will say that such teacher has not obtained a certificate.

The Legislature has gone to great lengths in seeking to prevent any teacher from receiving or accepting teaching employment unless he has obtained a teacher's certificate. **Sec. 7817 GC** among other things, contains the following provision:

"In no case shall the board * * * antedate·any certificate."

The action of the Board of Examiners in attempting to give life to this so-called delayed certificate is in direct violation of the spirit, if not the words, of the above-quoted portion of §7817 GC. In effect it was antedated notwithstanding that it was signed by the Examining Board within two to four weeks folowing its date.

The mere signing of an instrument does not give it life. In the instant case the Examining Board did not so intend, but positively and directly stated that they intended otherwise. According to the testimony of Mr. Aultman he had no further interest in withholding a certificate after the death of Mr. Kinzer. There is no evidence of any Examining Board's action through which it was sought to set aside their original determination to withhold and thereafter give it life.

Counsel for defendants present the argument that §7786 GC contemplates that the certificate shall be left in the hands of the Superintendent of Schools and that since the Superintendent is also ex-officio secretary of the Board of Examiners, thereby the certificate was on file with the Superintendent and that the manual delivery to ·Mr. Kinzer was not necessary. This might be true under circumstances where the certificate was duly issued and placed in the Superintendent's hands in intended compliance with the Code, so he might duly certify to the clerk of the Board of Education such fact as a predicate for payment of salary. That was not the situation in the instant case. At the time Mr. Kinzer was teaching the so-called delayed certificate was not in the hands of the County Superintendent as such and for the purpose of certifying to the School Board. It was not issued at all but intentionally withheld, and Mr. Kinzer with other patrons of the school was advised that the certificate would be withheld and not delivered.

It is my conclusion that the additional facts presented in the present record give added reasons in support of our first finding rather than demand a contrary holding. In the original case we had to indulge presumptions to determine intentions, whereas in the present record the more complete testimony as to the technique followed leaves no doubt that Mr. Kinzer's employment was illegal and that he had no right to compensation.

Counsel for defendants raise the further questions that since the delayed certificate, so-called, was placed in the hands of the Board of Education, that thereby the Board was warranted in accepting it at full face value, and there would be no obligation on their part to inquire as to its legality. A well recognized principle of law is that everyone is presumed to know the law, and members of boards of education may not be excused on the claim that they were not intentionally doing wrong. They would be chargeable with the principle of law that certificates to teach may not be antedated. This certificate, marked delayed, would at once challenge the inquiry as to whether or not it was antedated. Minority members of the board were insisting that it was illegal. The Prosecuting Attorney had been before the Board and advised them that it was illegal. A period of more than three years had expired since the teaching service had been performed. This alone should challenge the closest scrutiny. Many members of the Board were present when the Prosecuting Attorney was called before them. They knew he was their advisory officer and should have taken counsel before acting.

It is my conclusion that the trial court was in error in not sustaining counsel for plaintiff's motion for judgment non obstante veredicto.